UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIYOUNG YOON, Individually and as the Administratrix of the Estate of Jyung Woo Hahn, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>TESLA MOTORS, INC.<br><br>Defendant. | Civil No.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**COMES NOW** the Plaintiff, JIYOUNG YOON ("Plaintiff"), Individually and as the Administratrix of the Estate of Jyung Woo Hahn, Deceased, to sue the Defendant, TESLA MOTORS, INC., for the causes of action stated herein. In support thereof, Plaintiff states:

### SUMMARY OF THE ACTION

1. This action arises out of the unimaginable suffering and ultimate death caused to Jyung Hoo Hahn when his defective and unreasonably dangerous 2020 Tesla Model 3 (VIN: H01694248608752) (the "Subject Vehicle"), crashed and exploded, causing an inferno that led to his demise.

2. Plaintiff sues Defendant, TESLA MOTORS, INC. for its role in designing, manufacturing, distributing, and selling the Subject Vehicle in its defective and unreasonably dangerous condition and for otherwise causing Mr. Hahn's horrific injuries, suffering, and death.

## THE PARTIES, JURISDICTION & VENUE

3. At all times material hereto, Plaintiff, JIYOUNG YOON, is Jyung Woo Hahn's lawful wife and spouse.

4. At the time of his death, Mr. Hahn was a New Jersey citizen, resident, and domiciliary who lived with his wife in Bergen County, New Jersey.

5. Plaintiff, JIYOUNG YOON, has been appointed the Administratrix of Mr. Hahn's Estate and is duly authorized to administer same.

6. All potential beneficiaries of a recovery for wrongful death and their relationship to Mr. Hahn are identified as follows:

   a. The Estate of Jyung Woo Hahn c/o the Administratrix;

   b. Jiyoung Yoon, surviving wife of Jyung Woo Hahn;

   c. J.H., surviving minor child of Jyung Woo Hahn; and

   d. C.H., surviving minor child of Jyung Woo Hahn.

7. At all times material hereto, Defendant, TESLA MOTORS, INC. ("Tesla"), is a foreign corporation with its principal place of business located in Austin, Texas.

8. Tesla may be served with process through its registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation, FL 33324.

9. Jurisdiction is based on diversity of citizenship pursuant to U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorneys' fees.

10. This Court is authorized to exercise personal jurisdiction over Tesla pursuant to N.Y. C.P.L.R. § 302 because:

   a. Tesla transacts business in New York or contracts anywhere to supply goods or services in New York;

      b. Tesla committed a tortious act in New York;

      c. Tesla committed a tortious act outside of New York that caused injury within New York and Tesla regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in New York;

      d. Plaintiff's causes of action stated herein arise out of or relate to Tesla's substantial and purposeful contacts with New York such that Tesla should reasonably be expected to be hailed into Court in New York for its misconduct; and

      e. Traditional notions of fair play, substantial justice, and due process would not be offended by exercising personal jurisdiction over Tesla for the causes of action stated herein.

11. Pursuant to 28 U.S.C. § 1391(b)(2), an action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The acts and omissions alleged in this Complaint occurred in Rockland County, New York.

## FACTS

12. Tesla is engaged in the business of and derives substantial profit from designing, engineering, manufacturing, assembling, producing, servicing, marketing, advertising, promoting, distributing, and selling electric motor vehicles and the components and systems used to manufacture and assemble electric motor vehicles.

13. Tesla owns and operates numerous electric motor vehicle dealerships, sales centers, and services centers in New York for the purpose of furthering its substantial business activities in the State. Tesla sells, distributes, and services hundreds of thousands of its electric motor vehicles in New York and to New York citizens and residents each year.

14. Tesla designed, engineered, manufactured, assembled, produced, distributed, and sold the Subject Vehicle and its components and systems.

15. Tesla sold, distributed, and delivered the Subject Vehicle in finished condition with the purpose and expectation that Mr. Hahn would use and drive the Subject Vehicle.

16. On March 12, 2022, Mr. Hahn was driving and operating the Subject Vehicle on the Palisades Interstate Parkway in Rockland County, New York.

17. While Mr. Hahn was driving and operating the Subject Vehicle, the Subject Vehicle malfunctioned and collided with a tree, striking near the Subject Vehicle's driver-side rear door. Upon impact, the Subject Vehicle immediately ignited, exploded, and engulfed Mr. Hahn and the Subject Vehicle in an inferno of flames. The Subject Vehicle's charred carcass is depicted below:





18.    While Mr. Hahn survived the initial impact with the tree, he was unable to escape from the Subject Vehicle and was ultimately consumed by fire.

19.    The Subject Vehicle is defective in its design, manufacture, and warning and is not crashworthy, rendering the Subject Vehicle unreasonably dangerous for its designed and intended purposes.

20.    The Subject Vehicle's defective and unreasonably dangerous condition actually and proximately caused Mr. Hahn's injuries and death and Plaintiff's damages.

<u>**COUNT I— STRICT LIABILITY**</u>

21.    Plaintiff adopts and re-alleges all preceding paragraphs and incorporates them as if fully stated verbatim herein.

22. Tesla designed, engineered, manufactured, assembled, produced, distributed, and sold the Subject Vehicle.

23. The Subject Vehicle is defective in its design, manufacture, and warning and is not crashworthy, rendering the Subject Vehicle unreasonably dangerous for its designed and intended purposes.

24. The Subject Vehicle's defective and unreasonably dangerous condition existed at the time the Subject Vehicle left Tesla's final possession, custody, and control, and the Subject Vehicle remained substantially unchanged in this condition until the incident forming the basis of this lawsuit.

25. The Subject Vehicle's defective and unreasonably dangerous condition actually and proximately caused injury and damage to Mr. Hahn and to Plaintiff.

**WHEREFORE**, Plaintiff, JIYOUNG YOON Individually and as the Administratrix of the Estate of Jyung Woo Hahn, Deceased, demands judgment against Defendant, TESLA MOTORS, INC., for all injuries and damages recoverable by law, including all actual damages, consequential damages, economic damages, non-economic damages, lost wages and earning capacity, loss of consortium, loss of parental guidance, mental anguish, emotional distress, pain and suffering, conscious pain and suffering of Jyung Woo Hahn, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## COUNT II—NEGLIGENCE

26. Plaintiff adopts and re-alleges all preceding paragraphs and incorporates them as if fully stated verbatim herein.

27. Tesla designed, engineered, manufactured, assembled, produced, distributed, and sold the Subject Vehicle.

28. Tesla owed a duty to properly design, manufacture, assemble, produce, distribute, and sell the Subject Vehicle such that it was in a safe condition, without defect, and crashworthy.

29. Tesla owed a duty to adequately test, inspect, and assure the quality of the Subject Vehicle before placing it into the stream of commerce.

30. Tesla owed a duty to provide adequate warnings, instructions, and information with the Subject Vehicle before placing it into the stream of commerce.

31. Tesla breached the above duties.

32. Tesla's breach of the above duties actually and proximately caused injury and damage to Mr. Hahn and to Plaintiff.

**WHEREFORE**, Plaintiff, JIYOUNG YOON Individually and as the Administratrix of the Estate of Jyung Woo Hahn, Deceased, demands judgment against Defendant, TESLA MOTORS, INC., for all injuries and damages recoverable by law, including all actual damages, consequential damages, economic damages, non-economic damages, lost wages and earning capacity, loss of consortium, loss of parental guidance, mental anguish, emotional distress, pain and suffering, conscious pain and suffering of Jyung Woo Hahn, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

### COUNT III—BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

33. Plaintiff adopts and re-alleges all preceding paragraphs and incorporates them as if fully stated verbatim herein.

34. Tesla designed, engineered, manufactured, assembled, produced, distributed, and sold the Subject Vehicle.

35. Tesla sold and delivered the Subject Vehicle to Mr. Hahn.

36. When Tesla sold and delivered the Subject Vehicle to Mr. Hahn, Tesla impliedly warranted that the Subject Vehicle was safe and fit for its ordinary purposes and uses.

37. When Tesla sold and delivered the Subject Vehicle to Mr. Hahn, the Subject Vehicle was defective and not crashworthy, therefore making the Subject Vehicle unfit for its ordinary purposes and uses.

38. Tesla therefore breached the implied warranty of merchantability accompanying its sale and delivery of the Subject Vehicle to Mr. Hahn.

39. Tesla's breach of the implied warranty of merchantability actually and proximately caused injury and damage to Mr. Hahn and to Plaintiff.

**WHEREFORE**, Plaintiff, JIYOUNG YOON Individually and as the Administratrix of the Estate of Jyung Woo Hahn, Deceased, demands judgment against Defendant, TESLA MOTORS, INC., for all injuries and damages recoverable by law, including all actual damages, consequential damages, economic damages, non-economic damages, lost wages and earning capacity, loss of consortium, loss of parental guidance, mental anguish, emotional distress, pain and suffering, conscious pain and suffering of Jyung Woo Hahn, punitive damages, costs, and interest, and for any such further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, JIYOUNG YOON, Individually and as the Administratrix of the Estate of Jyung Woo Hahn, Deceased, hereby demands a trial by jury on all issues so triable.

Dated: August 18, 2023        MORGAN & MORGAN

                              /s/ Jonathan M. Sedgh
                              Jonathan M. Sedgh
                              MORGAN & MORGAN
                              350 Fifth Avenue, Suite 6705

New York, NY 10118
Tel: (212) 738-6839
Fax: (813) 222-2439
jsedgh@forthepeople.com

/s/ T. Michael Morgan
T. MICHAEL MORGAN, ESQ.
Florida Bar No.: 062229
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Primary email: mmorgan@forthepeople.com
Secondary email: akelseyflowers@forthepeople.com