UNITED STATES DISTRICT COURT
SOUTEHRN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JIYOUNG YOON, Individually and as the        Docket No. 23-cv-07354 (JLR)
Administratrix of the Estate of Jyung Woo
Hahn, Deceased,                              **TESLA INC.'S ANSWER TO
                                             PLAINTIFFS' COMPLAINT,
                  Plaintiff,                 DEFENSES, AND JURY
                                             DEMAND**

      -against-

TESLA MOTORS, INC.,

                  Defendant.
-------------------------------------------------------------------X

# COMPLAINT

Defendant Tesla, Inc. ("Tesla"), incorrectly named and sued in this action as "Tesla Motors, Inc.", by and through the undersigned counsel, hereby denies every allegation of liability against it in Plaintiffs' Complaint and further responds as follows:

1. Tesla denies the allegations in Paragraph 1 of the Complaint.

2. Tesla denies the allegations in Paragraph 2 of the Complaint in the form alleged except admits that it designs in part, manufactures in part, assembles, distributes, sells and services electric vehicles.

## THE PARTIES, JURISDICTION & VENUE

3. Tesla is without knowledge or information sufficient to admit or deny the allegations in Paragraph 3 of the Complaint.

4. Tesla is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint.

5. Tesla is without knowledge or information sufficient to admit or deny the allegations in Paragraph 5 of the Complaint.

6. Tesla is without knowledge or information sufficient to admit or deny the allegations in Paragraph 6., 6.a., 6.b., 6.c., and 6.d. of the Complaint.

7. Tesla denies the allegations in Paragraph 7 of the Complaint in the form alleged except admits that it is now, and was at the time the Complaint was filed, a Delaware corporation with a principal place of business at 1 Tesla Road, Austin, Texas.

8. Tesla denies the allegations in Paragraph 8 of the Complaint in the form alleged except admits that CT Corporation is its registered agent in New York.

9. The allegations in Paragraph 9 of the Complaint contain legal statements to which no response is required. To the extent a response is required, Tesla respectfully refers all questions of law to this Honorable Court.

10. That allegation in Paragraph 10 contains a legal statement to which no response is required.

10.a Tesla denies the allegations in Paragraph 10.a. in the form alleged except admits that Tesla admits it services and distributes Tesla vehicles in multiple states, including New York.

10.b Tesla denies the allegations in Paragraph 10.b.

10.c. Tesla denies the allegations in paragraph 10.c.

10.d Paragraph 10.d. contains a legal statement to which no response is required. To the extend a response is required to Paragraph 10.d Tesla denies any wrongdoing and refers all questions of law to this Honorable Court.

10.e Paragraph 10.e. contains a legal statement to which no response is required. To the extend a response is required to Paragraph 10.e Tesla denies any wrongdoing and refers all questions of law to this Honorable Court.

11. The allegations in Paragraph 11 of the Complaint contain legal statements to which no response is required. To the extent a response is required, Tesla respectfully refers all questions of law to this Honorable Court.

## **FACTS**

12. Tesla denies the allegations in Paragraph 12 of the Complaint in the form alleged except admits that it designs in part, manufactures in part, assembles, distributes, sells and services electric vehicles.

13. Tesla denies the allegations in Paragraph 13 of the Complaint in the form alleged except admits that it designs in part, manufactures in part, assembles, distributes, sells and services electric vehicles.

14. Tesla denies the allegations in Paragraph 14 of the Complaint in the form alleged except admits that it designs in part, manufactures in part, assembles, distributes, sells and services electric vehicles, including, the Subject Vehicle.

15. Tesla denies the allegations in Paragraph 15 in the form alleged except admits that the 2020 Tesla Model 3 is fit for its intended purpose.

16. Tesla is without knowledge or information sufficient to admit or deny the allegations in Paragraph 16 of the Complaint and therefore denies same.

17. Tesla denies the allegations in Paragraph 17 that the Subject vehicle malfunctioned or that it was defective. As to the remaining allegations in Paragraph 17, Tesla is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 17 of the Complaint and therefore denies same.

18. Tesla is without knowledge or information sufficient to admit or deny the allegations in Paragraph 18 of the Complaint and therefore denies same.

19. Tesla denies the allegations in Paragraph 19.

20. Tesla denies the allegations in Paragraph 20.

## COUNT I- STRICT LIABILITY

21. In response to Paragraph 21 of the Complaint, Tesla incorporates by reference its responses to Paragraphs 1-20 as though fully set forth herein.

22. Tesla denies the allegations in Paragraph 22 of the Complaint in the form alleged except admits that it designs in part, manufactures in part, assembles, distributes, sells and services electric vehicles, including, the Subject Vehicle.

23. Tesla denies the allegations in Paragraph 23.

24. Tesla denies the allegations in Paragraph 24.

25. Tesla denies the allegations in Paragraph 25.

Tesla denies the allegations in the "WHEREFORE" Paragraph.

## COUNT II-NEGLIGENCE

26. In response to Paragraph 26 of the Complaint, Tesla incorporates by reference its responses to Paragraphs 1-25 as though fully set forth herein.

27. Tesla denies the allegations in Paragraph 27 of the Complaint in the form alleged except admits that it designs in part, manufactures in part, assembles, distributes, sells and services electric vehicles, including, the Subject Vehicle.

28. Tesla denies the allegations in Paragraph 28 in the form alleged except admit that the 2020 Tesla Model 3 is fit for its intended purpose.

29. Tesla denies the allegations in Paragraph 29 in the form alleged except admit that the 2020 Tesla Model 3 is fit for its intended purpose.

30. Tesla denies the allegations in Paragraph 30 in the form alleged except admit that the 2020 Tesla Model 3 is fit for its intended purpose.

31. Tesla denies the allegations in Paragraph 31.

32. Tesla denies the allegations in Paragraph 32.

Tesla denies the allegations in the "WHEREFORE" Paragraph.

## COUNT III-BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

33. In response to Paragraph 33 of the Complaint, Tesla incorporates by reference its responses to Paragraphs 1-32 as though fully set forth herein.

34. Tesla denies the allegations in Paragraph 34 of the Complaint in the form alleged except admits that it designs in part, manufactures in part, assembles, distributes, sells and services electric vehicles, including, the Subject Vehicle.

35. Tesla denies the allegations in Paragraph 35 of the Complaint in the form alleged except admits that it designs in part, manufactures in part, assembles, distributes, sells and services electric vehicles, including, the Subject Vehicle.

36. Tesla denies the allegations in Paragraph 36 in the form alleged except admit that the 2020 Tesla Model 3 and the subject vehicle is and was fit for its intended purpose.

37. Tesla denies the allegations in Paragraph 37.

38. Tesla denies the allegations in Paragraph 38.

39. Tesla denies the allegations in Paragraph 39.

Tesla denies the allegations in the "WHEREFORE" Paragraph.

**DEMAND FOR A JURY TRIAL**

The allegations in the "DEMAND FOR A JURY TRIAL" of the Complaint contain a legal request to which no response is required. To the extent a response is required, Tesla respectfully refers all questions of law to this Honorable Court.

**GENERAL AND AFFIRMATIVE DEFENSES**

40. Tesla incorporates by reference its responses to Paragraphs 1-39 as though fully set forth herein and further responds to Plaintiffs' Complaint as follows:

41. Plaintiffs' Complaint fails to state a claim upon which relief may be granted, and Tesla hereby moves for dismissal of Plaintiffs' Complaint as a matter of law.

42. The Subject Vehicle was not and is not defective or unreasonably dangerous in any manner. Neither the condition of the Subject Vehicle nor any conduct, act, omission, or representation by Tesla with respect to the Subject Vehicle caused, or contributed to cause, Plaintiffs' injuries and damages, as alleged in the Complaint.

43. Plaintiffs' alleged injuries and damages may have been caused, in whole or in part, by the acts and/or omissions of Plaintiff, third parties, and/or circumstances beyond Tesla's control. Accordingly, Plaintiffs' recovery in this action may be barred in whole or in part. Plaintiffs' recovery in this action, if any, should be proportionately reduced and/or barred based on the actions of Plaintiff, other persons or entities, and/or circumstances beyond Tesla's control which were a cause, proximate cause, producing cause, intervening, or superseding cause of the accident and any damages and/or injuries to Plaintiff resulting therefrom.

44. The negligence, acts, or omissions of another, not Tesla, caused or contributed to the alleged loss/damages; and such negligence, act, omission, was the sole proximate cause, contributing cause, or independent intervening cause of the loss alleged.

45. The loss alleged resulted from the abuse, misuse, or alteration of the Subject Vehicle and, hence, the Plaintiff may not recover.

46. The Subject Vehicle was manufactured and designed in a reasonably safe manner in full compliance with all applicable laws, statutes, and regulations, and, hence, the Plaintiff may not recover.

47. The Subject Vehicle was not unreasonably dangerous, defective, or unsafe since the product was designed and manufactured in accordance with the technical knowledge and published scientific literature available at the time of design and manufacture. Tesla specifically pleads and asserts the state-of-the-art defense.

48. Plaintiffs are barred from recovering all damages or medical expenses paid or payable from collateral sources.

49. Plaintiffs failed to mitigate Plaintiffs' damages and, hence, the Plaintiffs may not recover or, alternatively, may not recover fully the alleged damages.

50. Tesla is entitled to any and all rights and privileges under the Federal Preemption Doctrine.

51. Tesla is entitled to a set-off for all settlements and compensation that the Plaintiffs have received, or may receive, as a result of their alleged injuries and damages.

52. Tesla is entitled to, and claims benefit of, all defenses and presumptions set forth or arising from any rule of law or statute in the State of New York.

53. Tesla has been prejudiced in its defense to the extent that evidence relevant to this case, including the Subject Vehicle, has not been preserved by Plaintiffs and/or has been destroyed or altered by others. Therefore, to the extent that the evidence supports same, Tesla asserts the defense of spoliation.

54. Tesla contends that the Subject Vehicle has a reasonably safe design as measured by the risk utility analysis and/or consumer expectations.

55. Plaintiffs' recovery may be barred in whole or in part due to Plaintiffs' failure to satisfy pertinent conditions precedent to the claims alleged in the Complaint.

56. Plaintiffs' damages in this action were not the result of any defect in material or workmanship with respect to the subject vehicle.

57. Plaintiffs' claims may be barred in whole or in part by warranty exclusions.

58. Plaintiffs' claims may be barred by the governing statute of limitations.

59. Plaintiffs' recovery may be barred in whole or in part on equitable grounds, including but not limited to laches, waiver, and estoppel.

60. Plaintiffs' claims for exemplary or punitive damages violate the Due Process Clause of the Fifth and Fourteenth Amendment.

61. That no cause of action alleged in the Complaint therein facts sufficient to entitle Plaintiffs to an award of exemplary or punitive damages against Tesla.

62. Tesla reserves the right to amend its answer and assert additional defenses as its investigation and discovery of this case proceeds and as may be permissible by law.

### **DEMAND FOR JURY TRIAL**

63. Tesla hereby demands a trial by jury of all the issues triable by right.

**WHEREFORE**, Tesla prays that Plaintiffs take nothing by this suit and for such other and further relief to which it may show itself justly entitled.

Dated: September 29, 2023

                                                AARONSON RAPPAPORT FEINSTEIN &
                                                DEUTSCH, LLP

By: _/s/ Peter J. Fazio_____
     Peter J. Fazio (PJF1211)
     *Attorneys for Defendant*
     *TESLA, INC., sued incorrectly herein as "Tesla Motors, Inc."*
     600 Third Avenue
     New York, New York 10016
     212-593-5458
     pjfazio@arfdlaw.com

TO:

MORGAN & MORGAN
350 Fifth Avenue, Suite 26705
New York, New York 10118
Attention: Jonathan M. Sedgh, Esq.
(212) 738-6839
jsedgh@forthepeople.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Answer has been filed electronically on the **29th day of September, 2023**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| MORGAN & MORGAN<br>350 Fifth Avenue, Suite 26705<br>New York, New York 10118<br>Attention: Jonathan M. Sedgh, Esq.<br>(212) 738-6839<br>jsedgh@forthepeople.com | MORGAN & MORGAN<br>20 N. Orange Avenue, Suite 1600<br>Orlando, FL 32801<br>Attention: T. Michael Morgan, Esq.<br>(407) 420-1414<br>mmorgan@forthepeople.com |
| | |

*Peter J. Fazio*

---

Peter J. Fazio, Esq.
Aaronson Rappaport Feinstein &
Deutsch, LLP
600 Third Avenue
New York, New York 10016
Telephone:  (212) 593-5458
Fax:  (212) 593-6970
E-Mail: pjfazio@arfdlaw.com
*Counsel for Tesla, Inc.*