UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JIYOUNG YOON, Individually and as the          Docket No. 23-cv-07354
Administratrix of the Estate of Jyung Woo
Hahn, Deceased,

                              Plaintiff,

      -against-

TESLA MOTORS, INC.,

                             Defendant.
-------------------------------------------------------------------X

## PROTECTIVE ORDER COVERING
## CONFIDENTIAL INFORMATION

WHEREAS Plaintiff JIYOUNG YOON, Individually and as the Administratrix of the Estate of Jyung Woo Hahn, Deceased and Defendant Tesla Motors, Inc. (collectively the "Parties" and individually "Party") wish to engage in discovery, including production of documents and other materials within the above-entitled action (the "Action");

WHEREAS all Parties are retaining and reserving their rights to seek a modification of the Protective Order;

NOW, THEREFORE, in order to protect such information, as may be entitled to protection, and which is produced in connection with this case including documents, deposition testimony, deposition exhibits, interrogatory responses, responses to request for admission, responses to request for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure in connection with this Action ("Discovery Material"), the Parties, by and through their respective undersigned counsel and subject to the approval of the Court, agree as follows:

## I.   DESIGNATION OF MATERIAL AS "CONFIDENTIAL"

1. The Parties agree to take care to limit any designation to specific material that qualifies under the appropriate standards below. To the extent it is practical to do so, the designating Party must designate for protection only those parts of the material, documents, items, or oral or written communications that qualify.

2. Any Party or non-party ("Producing Party") may designate Discovery Material as "Confidential" (hereinafter referred to as "Covered Information") under the terms of this Protective Order if the Producing Party in good faith reasonably believes that such "Covered Information" meets the criteria set forth as follows: Covered Information includes information that a Producing Party believes in good faith to be confidential or sensitive non-public internal proprietary (i) business; (ii) marketing; (iii) financial; (iv) technical information; (v) non-public communications with United States and foreign patent offices; (vi) non-public communications with United States or foreign regulatory agencies; (vii) financial information, including non-public sales information, customer lists, purchases by customers, communications with potential customers, sales projections, profit calculations, income and costs (i.e., production, marketing and overhead); (viii) design, development, and testing materials related to the design and development of Tesla vehicles, as such terms are used in the Federal Rules of Civil Procedure and Local Rules pertaining to trade secret and confidential information, and any applicable case law interpreting the rules pertaining to trade secret and confidential information.

3. Other than marking the document "CONFIDENTIAL" and making other obvious redactions as appropriate, the Producing Party represents that the document is a true and correct copy of the original. In no instance may any party remove, obscure or otherwise modify a document or other Covered Information in a manner that either removes an assigned Bates Number and/or confidential designation. This designation will also encompass the following: (1) any information copied or extracted from Covered Information; (2) all copies, excerpts, summaries, or compilations of Covered Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Covered Information.

4. Copies of discovery responses and documents containing Covered Information shall not be filed with the Court, except in accordance with Paragraph 5.

5. In connection with any motions or pre-trial proceedings as to which a Party submits Confidential Information, the Parties shall follow the Local Rules and the Court's Individual Practice Rules applicable to filing documents under seal.

6. The designation of Covered Information in a document or discovery response shall be made by labeling each page containing Covered Information with the word "CONFIDENTIAL" in one or more margins of the page. Where a document or response consists of more than one page not all of which contain Covered Information, at minimum the first page shall also be so labeled. In the case of information disclosed in or by a non-paper medium (*e.g.*, video/audio media (tape, CD, thumb drive) or other electronic or tangible thing), the "CONFIDENTIAL" label shall be affixed to the outside of the medium or its container, or in the case of electronics it may be part of the file name, so as to clearly give notice of the designation. The parties agree to not modify the file name in order to ensure anyone receiving or having access to the Covered Information is aware of its status as such.

7. Any notes, lists memoranda, indices, compilations, electronically stored information, reports, records, and documents prepared or based on an examination of Covered Information and any summaries of Covered Information which quote from, identify, or refer to the Covered Information with such specificity that the Covered Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, and shall be subject to all of the terms of this protective order.

8. A Producing Party may designate information disclosed during a deposition as "CONFIDENTIAL" by so indicating on the record at the deposition. A Producing Party may designate the entire deposition as "CONFIDENTIAL" if the scope of the witness's testimony and/or the content of the exhibits, in large part, comprise Covered Information. Any party opposing such designation may identify the challenged testimony by page and line, and the dispute

will be handled as proscribed in Paragraph 11, *infra*. The Court Reporter will be instructed by counsel how the Covered Information shall be marked and bound. The Court Reporter shall operate in a manner consistent with this Protective Order and separately label the confidential portions of the deposition transcript, including documents and other exhibits containing the Covered Information as "CONFIDENTIAL". The Covered Information shall be separately bound. Those pages in any transcript referring to Covered Information shall include a stamp identifying all such pages as "CONFIDENTIAL". Failure of the Court Reporter to operate in this manner shall not constitute a waiver by the Producing Party as to the status of the testimony as Covered Information.

9. Deposition testimony or information disclosed during the deposition that is not designated as Covered Information at the deposition may be so designated by a Producing Party within thirty (30) court days of the Producing Party's receipt of the deposition transcript, by giving written notice to all Parties of the page and line numbers where the newly designated information appears on the final deposition transcript. All rough or final deposition transcripts shall be treated as Covered Information until thirty (30) court days after the Producing Party's receipt of the deposition transcript. Should a pending motion or procedural requirement necessitate an earlier date, the Parties shall meet and confer as to a reasonable date for provision of the confidentiality designation notice.

10. Any non-party producing documents in this Action may obtain the protections of this Protective Order by consenting to the jurisdiction of this Court solely with regard to the production of its or their documents by designating any discovery in accordance with the provisions of this Protective Order. Such designation shall confer upon the non-party all of the rights and obligations of a designating party as set forth herein. Non-parties are not entitled to receipt or review of Covered Information by any other Producing Party unless all Parties agree in writing, and the non-party also executes Exhibit A prior to receipt or review of the Covered Information.

## II.     CHALLENGING DESIGNATION OF "CONFIDENTIAL"

11.     If a Party contends that any material is not entitled to confidential treatment, such Party must give written notice to the Producing Party who designated the material by: (1) providing the Bates number of each challenged document or the page and line of each portion of testimony subject to challenge and (2) state the basis for each challenge. The Parties agree that such challenges shall be made in good faith. The Parties shall meet and confer regarding the challenged designations within thirty (30) court days of receipt of the challenge. If the challenge is not resolved in the meet-and-confer process, the Producing Party shall have thirty (30) court days from the date of the termination of the meet-and-confer effort to seek an order from the Court that such designated material is subject to protection as Covered Information. The Producing Party seeking the order has the burden of establishing that each designated document or item is entitled to protection. If a motion is not timely filed, the challenged material shall lose its designated protection. If the Producing Party files a motion with the Court, the designated items shall remain protected until the Court rules on the motion.

12.     Notwithstanding any challenge to the designation of material as Covered Information as described in Paragraph 11, all documents shall be treated as designated and shall be subject to the provisions hereof unless and until one of the following occurs:

a.     the Producing Party who claims that the material is Covered Information withdraws such designation in writing; or

b.     the Producing Party who claims that the material is Covered Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

c.     the Court rules the material is not Covered Information.

13.     No Party shall be obliged to challenge the propriety of a Covered Information designation at any specified time up to 60 days before trial, and a failure to do so shall not preclude a subsequent challenge to the propriety of such a designation.

### III. USE AND ACCESS TO COVERED INFORMATION

14. Covered Information shall not be used for any business, commercial, competitive, personal, or other purpose.

15. Covered Information may be disclosed only to the following "Qualified Persons":

   a. the Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its function, and the jury;

   b. mediators or other individuals engaged or consulted in settlement of all or part of this Action, or discovery referees to the extent one or more are engaged in connection with this Action provided they execute Exhibit A;

   c. the Parties and their employees;

   d. counsel of record for the Parties, including all partners, members, and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action, including, but not limited to, all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual, and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

   e. litigation support services, including outside copying services, court reporters, stenographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, provided that they execute Exhibit A;

   f. any individual expert, consultant, or expert consulting firm retained by counsel of record in connection with this Action to the extent necessary for the individual expert, consultant, or expert consulting firm to prepare a written opinion, to prepare to testify, or to assist counsel of record in the prosecution or defense of this Action, provided, however, that: (i) the expert/consultant will designate the team working on this engagement and such disclosure will be limited to such "Designated Expert Personnel" involved in this; (ii) the expert/consultant and

6

Designated Expert Personnel use the information solely in connection with this Action; (iii) expert/consultant and/or a representative of each expert consulting firm sign Exhibit A on behalf of any Designated Expert Personnel associated with that firm; and (v) the terms of Paragraph 16 of this Protective Order are satisfied; and

      g.     Except persons subject to the limitation set forth in Paragraph 16, any person (i) who created, authored, received, or reviewed such Confidential Information; (ii) is or was a custodian of the Confidential Information; (iii) is identified in Confidential Information; or (iv) is or was an employee of the Producing Party and is reasonably believed to have knowledge of the matters in the Confidential Information.

16.    Any current owner, director, employee or consultant of any entity that competes with Tesla or is otherwise engaged in the design and development of automotive components and autonomous vehicle technology are not authorized to receive Covered Information.

17.    Nothing contained in this Protective Order shall prevent a party to this action from using its own Covered Information in any way that it sees fit, or from revealing its own Covered Information to whomever it chooses, without prior consent of any person or of the Court. In addition, the terms of this Protective Order do not preclude Tesla from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with Tesla's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety Act"), 49 U.S.C. § 30101, et seq.

18.    **EXECUTING THE NON-DISCLOSURE AGREEMENT.** Each person as identified in Paragraphs 15(e), (f), and (g) (former employees only), and 17, to whom Covered Information is disclosed shall execute a non-disclosure agreement in the form attached as Exhibit A before receiving such information. Copies of the executed Exhibit A shall be retained by counsel disclosing Covered Information to such person and, to the extent the person receiving the Covered Information is a designated expert under Paragraph 16(f), their signed Exhibit A shall be produced as part of their expert file.

19.    **SECURITY OF COVERED INFORMATION.** Any person in possession of a

Producing Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would apply to their own material of the same or comparable sensitivity. Covered Information may not be disseminated by email or other non-secured means; a secure FTP site is permitted as is an encrypted, password protected flash drive, but in both instances the password must be separately transmitted to the recipient.

20. Any persons receiving Covered Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a Party or any of its representatives, including counsel, inadvertently discloses any Covered Information to persons who are not authorized to use or possess such material, the Party shall provide immediate written notice of the disclosure including all known relevant information concerning the nature and circumstances of the disclosure to the Party whose material was inadvertently disclosed. The responsible Party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such Covered Information is made and shall make reasonable efforts to retrieve all such Covered Information. Each Party shall cooperate in good faith in that effort.

## IV.   INADVERTENT FAILURE TO DESIGNATE "CONFIDENTIAL"

21. In the event that information is produced by a Producing Party without a Confidential designation and then later designates said information, upon notice of the inadvertent production, all receiving parties shall employ reasonable efforts to ensure that the previously inadvertently non-designated information is subsequently treated as Covered Information pursuant to the terms of this Protective Order.

## V.   NON-WAIVER PURSUANT TO FEDERAL RULE OF EVIDENCE 502

22. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to

or shall serve to limit a Producing Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## VI.  MISCELLANEOUS TERMS

23. All provisions of this Protective Order restricting the communication or use of Covered Information shall continue to be binding after the conclusion of this Action, unless otherwise agreed or ordered.

24. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the Parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

25. A person with custody of documents designated as Covered Information shall maintain them in a manner that limits access to those documents to only those persons entitled under this Protective Order to examine them.

26. The use of Covered Information at any trial proceeding shall be governed by New York law. The Parties agree to take reasonable steps to maintain the confidentiality of any Covered Information at any hearing or upon trial of this matter in such a manner and until such time as the Court may direct, and/or as the Parties may otherwise agree.

27. The Court retains jurisdiction even after termination of this Action to enforce this Protective Order and to make such deletions from or amendments, modifications, and additions to the Protective Order as the Court may from time to time deem appropriate. The Parties hereto reserve all rights to apply to the Court at any time, before or after termination of this Action, for an order modifying this Protective Order or seeking further protection against disclosure or use of claimed Covered Information.

28. Within 60 (sixty) days after the conclusion of this Action, all produced documents that contain or reflect Covered Information shall be returned to counsel for the Producing Party and all electronic copies will be destroyed and deleted from any computers, hard drivers, servers, or cloud storage. Within 5 (five) days of the return of produced documents and destruction of

electronic copies, the Party given the Covered Information provide written certification to Counsel for Tesla that there is compliance with this provision. Covered Information returned to Counsel for Tesla will be maintained by Tesla or its counsel for six years and made available to counsel of record in this Action upon written request for use in a legal proceeding directly related to that attorney's representation of the plaintiff(s) in this Action.

29. Failure to comply with, or violation of, this Protective Order shall be considered a material breach for which the aggrieved party may seek any and all relief from this Court, including an order enforcing compliance, order of contempt, monetary or other sanctions, and liquidated damages.

SO STIPULATED.

DATED: __2/28__, 2024

MORGAN & MORGAN

By: _/s/ Steven Nauman_
Steven Nauman, Esq.
20 N Orange Ave, Suite 1600
Orlando, Florida 32801
Telephone: (407) 244-3962
E-Mail: snauman@forthepeople.com
*Attorneys for Plaintiff*

DATED: __2/28__, 2024

AARONSON RAPPAPORT FEINSTEIN & DEUTSCH, LLP

By: _/s/ Peter J. Fazio_
Peter J. Fazio, Esq.
600 Third Avenue
New York, New York 10016
Telephone: (212) 593-5458
Fax: (212) 593-6970
E-Mail: pjfazio@arfdlaw.com
*Attorneys for Tesla Motors, Inc.*

SO ORDERED.

*Andrew Krause*

_____
ANDREW E. KRAUSE
United States Magistrate Judge

Dated: February 29, 2024
White Plains, New York

> In addition, the Court orders as follows:
>
> A. To the extent any provision of this Protective Order conflicts with a provision of the individual rules or practices of Judge Seibel or Magistrate Judge Krause, the Judge's individual rule or practice shall control.
>
> B. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.
>
> C. The Court is not retaining jurisdiction over the matter for purposes of enforcing any term or provision of the Protective Order that may require compliance following the conclusion of this litigation.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JIYOUNG YOON, Individually and as the                              Docket No. 23-cv-07354
Administratrix of the Estate of Jyung Woo
Hahn, Deceased,

                          Plaintiff,

      -against-

TESLA MOTORS, INC.,

                         Defendant.
------------------------------------------------------------------X

## EXHIBIT A

      I hereby certify that I have read the Protective Order entered in the case entitled *JIYOUNG YOON, Individually and as the Administratrix of the Estate of Jyung Woo Hahn, Deceased*, Case No. 23-cv-07354. Before reviewing or receiving access to the contents of any of the documents or material subject to the protection of that Protective Order and as a condition of such review or access, I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order. I subject myself to the jurisdiction and venue of the United States District Court, Southern District of New York, for purposes of enforcement of this Protective Order.

_____
*Signature*

_____
*Printed Name*

_____
*Date Executed*